Clayton L. Everett, TSBN 24065212
NORRED LAW PLLC
515 E. Border St., Arlington, TX 76010
P: 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, E: clayton@norredlaw.com
Attorney for Plaintiff

# United States Bankruptcy Court
## Northern District of Texas
### Fort Worth Division

| | |
|---|---|
| **In re:** | |
| **Adrianne Dawn Foyt and Leonard Clarence Foyt, Jr.** | **Case No. 25-42773-mxm7** |
| Debtor(s) | **Chapter 7** |
| **Advisory Financial Services, LLC** | |
| Plaintiff(s) | |
| **v.** | |
| **Adrianne Dawn Foyt et al.** | **Adversary No. 25-04136-mxm** |
| Defendant(s) | |

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES AND PRODUCTION

Plaintiff Advisory Financial Services, LLC ("AFS") respectfully moves the Court for an order compelling Defendants Adrianne Dawn Foyt ("Adrianne") and Leonard Clarence Foyt, Jr. ("Leonard") to provide complete discovery responses and produce missing documents.

### GROUNDS FOR MOTION

### A. Deficiencies in Adrianne's Production

1.     Incomplete Bank Records (RFP #1): Adrianne previously withheld accounts she deemed "wholly unrelated" to LA Services LLC as an "invasion of privacy". However, the statements produced for account xxxx3223 show significant transfers from undisclosed accounts 4713 and 5080. Because AFS trust funds were clearly commingled with these undisclosed accounts, the

distinction between "business" and "personal" is moot. AFS is entitled to all 2024 bank records for any account, both personal and business, to trace the path of the missing collateral.

2.      Missing Transaction Detail (RFP #2 & #10): The produced statements for account xxxx3223 reflect numerous "Mobile Device Transfers," including a $50,000 credit and a $10,000 debit, and cash withdrawals exceeding $1,000, yet no supporting transfer logs or records were produced to identify the source or destination of these AFS trust funds.

3.      Failure to Produce Accounting Records (RFP #3 & #7): Despite promising to produce QuickBooks exports, general ledgers, and non-privileged communications (texts/emails) regarding the status of AFS proceeds, no such records were included in the production. Adrianne identified Cheyenne Dyer as being responsible for bookkeeping, yet no records from this process were provided.

4.      Missing Payment and Insider Records (RFP #6 & #11): No records of customer payments on invoices after June 30, 2024, or documents regarding the $60,000 transfer to Leonard's father were produced, despite these being central to the Complaint's conversion allegations.

5.       In response to requests for 2024 gambling data, Defendants produced records for Calendar Year 2025. This is irrelevant to the $900,000 in 2024 losses alleged in the SOFA.

**B.  Deficiencies in Leonard's Production**

6.      Boilerplate Objections: Leonard refused to produce any bank statements for accounts he controlled in 2024, asserting a boilerplate objection that "control" is a vague legal conclusion.

7.      Improper Referral to Records: For RFP #4 and #8, Leonard improperly referred AFS to the general bankruptcy court records rather than producing the source documents (win/loss statements, ledgers) in his possession.

8.     Complete Failure to Produce Bank Records (RFP #1): Leonard has refused to produce any bank statements for accounts he accessed or controlled in 2024, relying on a boilerplate objection that "control" is a vague legal conclusion.[1]

9.     Missing Records of Insider Transfers (RFP #3): Leonard claims to have "no knowledge" of records regarding the $60,000 transfer to his father, despite the transfer being a central allegation in the Complaint.[2]

WHEREFORE, Plaintiff requests an order compelling Defendants to produce all missing 2024 bank records, accounting ledgers, and 2024 gambling documentation within seven (7) days.

Respectfully submitted,

NORRED LAW, PLLC

By: __/s/ Clayton L. Everett____
        Clayton L. Everett
Texas State Bar No. 24065212
clayton@norredlaw.com
Warren V. Norred
Texas State Bar No. 24045094
wnorred@norredlaw.com
515 E. Border St., Arlington, Texas 76010
O 817-704-3984, F. 817-524-6686
Counsel for Plaintiff

---

[1] The Assistant District Attorney in a related criminal investigation stated to the representative of the Plaintiff that Leonard is listed on LA Services' bank accounts signature cards. (Leonard Foyt's Criminal Case No. 1894357 pending in 297th District Court, Tarrant County, Texas).

[2] During the LA Services' meeting of creditors, Adrianne stated to the trustee that Leonard insisted that LA Services pay Leonard's father $60,000 within the 90-day preferencial payment period. (In re LA Services, LLC, Case No. 25-41496-mxm7.)

## CERTIFICATE OF CONFERENCE

I hereby certify that on March 26, 2026, I conferred via email with counsel for Adrianne Foyt, Robert C. Newark, III, and with pro se Defendant Leonard Foyt. Counsel for Adrianne has not provided a timeline for supplementation, and Leonard Foyt has not responded. The parties are at an impasse.

/s/ *Clayton L. Everett*

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2026, a true and correct copy of the foregoing has been served via email to Defendant's counsel and the pro se Defendant below:

*Counsel for Defendant Adrianne Foyt:*
Robert C. Newark, III
Texas Bar No. 24040097
1341 W. Mockingbird Lane, Suite 600W
Dallas, Texas 75247

*Defendant Leonard Foyt, Jr.:*
PO Box 304
Cresson, Texas 76035
And via leonardfoyt@yahoo.com

/s/ *Clayton L. Everett*