# United States Bankruptcy Court
Northern District of Texas
Fort Worth Division

**In re:**

**Adrianne Dawn Foyt and Leonard Clarence Foyt, Jr.**

Debtor(s)

**Advisory Financial Services, LLC**

Plaintiff(s)

**v.**

**Adrianne Dawn Foyt et al.**

Defendant(s)

**Case No. 25-42773-mxm7**

**Chapter 7**

**Adversary No. 25-04136-mxm**

## MOTION FOR EXPEDITED HEARING ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES AND PRODUCTION AND PLAINTIFF'S MOTION TO CONTINUE TRIAL DOCKET CALL AND REOPEN DISCOVERY

TO THE HONORABLE MARK X. MULLIN, UNITED STATES BANKRUPTCY JUDGE:

Plaintiff Advisory Financial Services, LLC ("AFS") respectfully submits the *Motion for Expedited Hearing* for *Plaintiff's Motion to Compel Discovery Responses and Production* [ECF Nos. 9&10] and *Plaintiff's Motion to Continue Trial Docket Call and Reopen Discovery* [ECF No. 11]. In support of these motions, the Plaintiff respectfully states:

1. The Plaintiff requests that a hearing be set on or before **Thursday, April 16, 2026, at 1:30p.m.**, on the *Plaintiff's Motion to Compel Discovery Responses and Production* [ECF Nos. 9 & 10] ("Motion") and the *Plaintiff's Motion to Continue Trial Docket Call and Reopen Discovery* [ECF No. 11]. A hearing by such date is necessary because because the Trial Docket Call is currently set for April 23, 2026. Under the current Scheduling Order, the parties must file a Joint Pretrial Order and Proposed Findings of Fact by April 16, 2026.

2.      Discovery closed on March 9, 2026. However, Defendants' production remains fundamentally deficient, including the production of irrelevant 2025 data instead of requested 2024 records and the failure to produce records for at least three newly discovered accounts.

3.      Without an expedited ruling on the Motion to Compel and the request to continue the trial, AFS will be unable to meet its April 16 deadline as it lacks the core financial records necessary to prove its case.

4.      Plaintiff's counsel estimates that the expedited hearing on the motions should last no more than 30 minutes.

5.      Notice of the expedited hearing will be provided via the Court's ECF system to the parties receiving notice. Such notice will be sufficient because this Court's telephonic and videoconference hearing policy will allow any interested part to appear and participate remotely if necessary.

6.      The Motions were filed promptly after the Plaintiff provided counsel with the necessary information to support the requested relief.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff requests that this Court enter an Order (a) setting an expedited hearing on the Motions for **April 23, 2026, at 1:30p.m.** and (b) granting the Plaintiff such other and further relief, at law or in equity, to which he may be justly entitled.

Respectfully submitted:

Norred Law, PLLC
By: /s/ Clayton L. Everett
Clayton L. Everett, Texas Bar No. 24065212
clayton@norredlaw.com
515 E. Border Street
Arlington, Texas 76010
Telephone: (817)704-3984
Counsel for Plaintiff

**CERTIFICATE OF CONFERENCE**

I attempted to confer regarding the underlying relief in the motions and this expedite relief but have not received a response from either the pro se Defendant Leonard Clarence Foyt, Jr. or counsel for Defendant Adrianne Dawn Foyt. Based on their lack of response, it may be assumed that the Defendants are opposed to the relief requested.

By: __/s/ Clayton L. Everett____

**CERTIFICATE OF SERVICE**

I hereby certify that on April 2, 2026, a true and correct copy of the foregoing document was served to all parties receiving notice electronically in this case via the CM/ECF system and via email to Defendant's counsel and the pro se Defendant below:

Counsel for Defendant Adrianne Foyt:
Robert C. Newark, III
Texas Bar No. 24040097
1341 W. Mockingbird Lane, Suite 600W
Dallas, Texas 75247
robert@newarkfirm.com

Defendant Leonard Foyt, Jr.:
PO Box 304
Cresson, Texas 76035
And via leonardfoyt@yahoo.com

By: __/s/ Clayton L. Everett____