Clayton L. Everett, Texas State Bar No. 24065212
NORRED LAW, PLLC | 515 E. Border Street | Arlington, Texas 76010
Phone: (817) 704-3984 | clayton@norredlaw.com
Attorney for Advisory Financial Services, LLC

# United States Bankruptcy Court
## Northern District of Texas
### Fort Worth Division

| | |
|---|---|
| In re: | |
| Adrianne Dawn Foyt and Leonard Clarence Foyt, Jr. | Case No. 25-42773-mxm7 |
| Debtors. | Chapter 7 |
| Advisory Financial Services, LLC | |
| Plaintiff, | Adversary No. 25-04136-mxm |
| v. | |
| Adrianne Dawn Foyt et al. | |
| Defendants. | |

**PLAINTIFF'S MOTION FOR RULE 37 SANCTIONS AND CONTEMPT
AGAINST DEFENDANT ADRIANNE DAWN FOYT**

Plaintiff Advisory Financial Services, LLC ("Plaintiff" or "AFS") files this Motion for Rule 37 Sanctions and Contempt against Defendant Adrianne Dawn Foyt ("Adrianne"), and in support respectfully shows the Court:

### I.    Preliminary Statement

1.    This Motion is necessitated by Adrianne's absolute and total disregard of this Court's Agreed Order Granting Plaintiff's Motion to Compel Discovery Responses and Production (the "Compel Order"), entered on April 23, 2026 (Doc. 20).

2.    Despite voluntarily entering into an agreement to cure her egregious discovery deficiencies, Adrianne has produced zero documents in response to the Compel Order.

25-04136-mxm, Plaintiff's Motion for Rule 37 Sanctions and Contempt

3. With the trial docket call quickly approaching on June 25, 2026, AFS is left with no choice but to seek severe terminating and evidentiary sanctions under Fed. R. Civ. P. 37(b)(2)(A) and Fed. R. Bankr. P. 7037.

## II. Relevant Background and Non-Compliance

4. On March 26, 2026, Plaintiff's counsel detailed extensive deficiencies in Adrianne's initial production, including missing 2024 bank records for accounts ending in 3223 and 4713, unproduced QuickBooks accounting data, and 2024 gambling records.

5. Adrianne's discovery defiance directly connects to the parallel corporate bankruptcy of her closely held operating entity, LA Services, LLC (Case No. 25-41496-mxm7), where she serves as President and 99% owner. Sworn corporate schedules reveal a massive, systematic cash drain immediately prior to both bankruptcy filings.

6. According to the corporate schedules filed in the related bankruptcy case, LA Services, LLC (managed by Adrianne as President and 99% owner) generated $6,510,326 in gross operating revenue in 2024—of which Plaintiff AFS directly funded approximately $4,000,000.00 through purchased invoices. But by 2025, its gross revenue plummeted to $0.00. See page 58, Statement of Financial Affairs, Docket No. 1, In re LA Services, LLC, Case No. 25-41496-mxm7.

7. The corporate Statement of Financial Affairs exposes a continuous, near-daily extraction of corporate funds by Adrianne personally under the guise of "Owner Draws" throughout 2024. These personal draws routinely ranged between $5,000 and over $17,000 per transaction (e.g., $11,163.72 on 12/02/2024, $9,470.72 on 11/18/2024, and $17,169.38 on 10/21/2024).

8. The exact accounts Adrianne refuses to produce in this adversary proceeding, including Wellington State Bank checking accounts ending in 3223 and 4713, were the primary engines for

these late-2024 owner draws. Adrianne abruptly emptied and closed both corporate accounts in January 2025 to erase the transactional paper trail.

9.      While the Court explicitly ordered production of 2024 gambling records, Adrianne has produced no such records.

10.     The corporate filings also show a $40,000.00 cash transfer executed by Adrianne to her father-in-law, Leonard Foyt, Sr., in October 2024, which she has completely failed to detail or provide account tracking for in this case.

### III.     Grounds for Sanctions and Legal Authority

11.     Adrianne's wholesale refusal to comply with the Compel Order satisfies the stringent criteria for severe sanctions under Fed. R. Civ. P. 37(b)(2)(A).

12.     Pursuant to Fed. R. Civ. P. 37(b)(2)(A), when a party fails to obey an order to provide or permit discovery, the Court may issue further just orders, including:

- Rule 37(b)(2)(A)(i): Directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

- Rule 37(b)(2)(A)(iii): Striking pleadings in whole or in part.

13.     Striking Defenses: Adrianne's total suppression of her 2024 Wellington State Bank statements (accounts 3223 and 4713), as well as other business or personal bank statements requested, and general QuickBooks data completely prevents AFS from tracing the destination of millions in vanished corporate funds and personal draws. Because her obstruction blocks Plaintiff from preparing for trial, her answers and affirmative defenses must be struck.

14.     Adverse Inference: AFS requests a formal court order directing that the following facts be taken as permanently established for purposes of this action:

    a. The withheld 2024 bank records for accounts 3223 and 4713 establish the personal

diversion, fraudulent concealment, and willful dissipation of estate assets;

    b. Adrianne intentionally made a false oath and concealed property of the estate with

the intent to hinder, delay, or defraud creditors, establishing the necessary grounds

to deny her discharge under 11 U.S.C. § 727(a)(2) and (a)(4).

15.    Award of Attorney Fees: Under Rule 37(b)(2)(C), the Court *must* order the disobedient party to pay reasonable expenses, including attorney's fees, caused by the failure to obey a discovery order. AFS requests a mandatory award of all reasonable attorney's fees and costs incurred from May 27, 2026, forward, covering the drafting of this motion and the issuance of third-party bank subpoenas required to uncover the assets Adrianne actively sought to hide.

### IV.    Prayer for Relief

Plaintiff respectfully requests that the Court grant this Motion, enter an Order striking Adrianne Dawn Foyt's defenses, establish an adverse inference that her withheld records prove wholesale fraud and asset concealment, award AFS its reasonable attorney's fees and costs, and grant all other relief to which AFS is justly entitled.

Respectfully submitted:

Norred Law, PLLC
By: /s/ Clayton L. Everett
Clayton L. Everett
Texas State Bar No. 24065212
clayton@norredlaw.com
515 E. Border Street
Arlington, Texas 76010
Telephone: (817)704-3984
Counsel for Plaintiff

## CERTIFICATE OF CONFERENCE

Pursuant to TXNB Local Bankruptcy Rule 7007-1, on or about May 28, 2026, I certify that counsel for Plaintiff, Clayton L. Everett, conferred with Robert C. Newark, III, counsel for Defendant Adrianne Dawn Foyt, regarding the discovery defaults and the specific relief requested in this Motion. Mr. Newark indicated that Defendant Adrianne Dawn Foyt opposes the Motion.

       /s/ Clayton L. Everett
       Clayton L. Everett

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2026, a true and correct copy of the above and foregoing document shall be served via electronic means, if available, otherwise by regular, first-class mail, to:

*Via CM/ECF to Counsel for Adrianne Dawn Foyt: Robert C. Newark, III, 1341 W. Mockingbird Lane, Ste 600W Dallas, TX 75247*

*Via US Mail to Defendants*: *Adrianne Dawn Foyt and Leonard Clarence Foyt, Jr, P.O. Box 304 Cresson, TX 76035*

       /s/ Clayton L. Everett
       Clayton L. Everett