## United States Bankruptcy Court
Northern District of Texas
Fort Worth Division

|  |  |
|---|---|
| **In re:** | |
| **Adrianne Dawn Foyt and Leonard Clarence Foyt, Jr.** | **Case No. 25-42773-mxm7** |
| Debtor(s) | **Chapter 7** |
| **Advisory Financial Services, LLC** | |
| Plaintiff(s) | |
| **v.** | |
| **Adrianne Dawn Foyt et al.** | **Adversary No. 25-04136-mxm** |
| Defendant(s) | |

### ORDER GRANTING PLAINTIFF'S MOTION FOR RULE 37 SANCTIONS AND CONTEMPT AGAINST DEFENDANT ADRIANNE DAWN FOYT

On this day, the Court considered *Plaintiff's Motion for Rule 37 Sanctions and Contempt*

*Against Defendant Adrianne Dawn Foyt* (the "Motion"), filed as 2026-05-29-

MotionRule37Sanctions-Adrianne-ce_4.docx by Plaintiff Advisory Financial Services, LLC ("Plaintiff"). Due and proper notice of the Motion was given, and a hearing was held on the matter.

The Court finds that it has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334, and that this is a core proceeding. The Court further finds that on April 23, 2026, it entered an *Agreed Order Granting Plaintiff's Motion to Compel Discovery Responses and Production* (the "Compel Order"), referenced as 20-OrderGrantingMotCompel.pdf.

The Court finds that Defendant Adrianne Dawn Foyt ("Adrianne") has completely failed to comply with the explicit mandates of the Compel Order by failing to produce any responsive documents, specifically including her critical 2024 QuickBooks data, accounting ledgers, and Wellington State Bank checking accounts ending in 3223 and 4713. The Court finds that Adrianne's complete non-compliance is absolute, willful, executed in bad faith, and has severely prejudiced Plaintiff's ability to prepare for the upcoming trial.

Accordingly, it is FOUND, ORDERED, ADJUDGED, AND DECREED that:

1. Plaintiff's Motion is GRANTED.

2. Pursuant to Fed. R. Civ. P. 37(b)(2)(A)(iii) and Fed. R. Bankr. P. 7037, any and all answers, pleadings, and affirmative defenses filed or asserted by Defendant Adrianne Dawn Foyt in this adversary proceeding are hereby STRUCK IN THEIR ENTIRETY, and judgment by default may be entered against her upon separate application by Plaintiff.

3. Pursuant to Fed. R. Civ. P. 37(b)(2)(A)(i), the following facts are deemed PERMANENTLY ESTABLISHED for the purposes of this action:

o   The intentionally withheld 2024 bank records for accounts ending in 3223 and 4713 establish personal diversion, fraudulent concealment, and willful dissipation of bankruptcy estate assets by Adrianne.

o   Adrianne intentionally made false oaths and concealed property of the estate with the absolute intent to hinder, delay, or defraud creditors, establishing complete and sufficient grounds to deny her bankruptcy discharge under 11 U.S.C. § 727(a)(2) and (a)(4).

4. Pursuant to Fed. R. Civ. P. 37(b)(2)(C), Plaintiff is awarded its reasonable expenses, including attorney's fees, caused by Adrianne's failure to comply with the Compel Order, covering all activities from May 27, 2026, forward, including the drafting of the Motion and the processing of secondary third-party subpoenas. Plaintiff's counsel shall submit an itemized fee application to the Court within fourteen (14) days of entry of this Order.

# # # END OF ORDER # # #

Respectfully submitted by:
Clayton L. Everett
Counsel for Plaintiff