Clayton L. Everett, Texas State Bar No. 24065212
NORRED LAW, PLLC | 515 E. Border Street | Arlington, Texas 76010
Phone: (817) 704-3984 | clayton@norredlaw.com
Attorney for Advisory Financial Services, LLC

# United States Bankruptcy Court
## Northern District of Texas
### Fort Worth Division

| | |
|---|---|
| In re: | |
| Adrianne Dawn Foyt and Leonard Clarence Foyt, Jr. | Case No. 25-42773-mxm7 |
| Debtors. | Chapter 7 |
| Advisory Financial Services, LLC | |
| Plaintiff, | Adversary No. 25-04136-mxm |
| v. | |
| Adrianne Dawn Foyt et al. | |
| Defendants. | |

**PLAINTIFF'S MOTION FOR RULE 37 SANCTIONS AGAINST
PRO SE DEFENDANT LEONARD CLARENCE FOYT, JR.**

Plaintiff Advisory Financial Services, LLC ("Plaintiff" or "AFS") files this Motion for

Rule 37 Sanctions against pro se Defendant Leonard Clarence Foyt, Jr. ("Leonard"), and in support

respectfully shows the Court:

### I. Preliminary Statement

1. This Motion is necessitated by pro se Defendant Leonard Clarence Foyt, Jr.'s ("Leonard")

absolute disregard of this Court's Order Granting Plaintiff's Motion to Compel Discovery

Responses and Production, entered on April 23, 2026 (Doc. 18). Despite an explicit judicial

mandate requiring him to produce all responsive 2024 personal and business bank records within

thirty (30) days, Leonard has produced absolutely zero pages. Leonard has chosen to completely

25-04136-mxm, Plaintiff's Motion for Rule 37 Sanctions and Contempt

absent himself from the discovery process, directly fulfilling a prior written promise to withhold all financial tracking from Plaintiff. With the Trial Docket Call set for June 25, 2026, Plaintiff is left with no choice but to seek severe terminating and evidentiary sanctions under Fed. R. Civ. P. 37(b)(2)(A) and Fed. R. Bankr. P. 7037.

## II.   Factual Background and Non-Cooperation

2.     Leonard was properly served with notice of the Plaintiff's discovery motions and the Court's scheduling orders. Specifically, on April 17, 2026, he was served via his designated email address (lfoytjr@gmail.com) with the proposed orders tracking pretrial deadlines. Leonard completely failed to respond or participate.

3.     Consistent with his silence, Leonard has failed to propound any discovery. While Leonard served an initial, deficient response disclaiming all knowledge, access, or corporate control, he has completely failed to provide any documents or communications in response to this Court's Compel Order.

4.     Sworn records in the related corporate bankruptcy case of LA Services, LLC (Case No. 25-41496-mxm7) identify Leonard as a corporate Vice President and person in active control of the business entity. Furthermore, upon information and belief, signature cards held by the District Attorney indicate that Leonard maintained authorized access to the corporate bank accounts used to divert funds immediately prior to filing for bankruptcy.

5.     On November 1, 2024, when Plaintiff demanded that funds on deposit be preserved, Leonard flatly refused, texting Plaintiff's representative: *'That's not going to happen.'* Minutes later, Leonard explicitly declared his intent to execute an absolute information blackout, stating in writing: *'There will no longer be any correspondence with you....we will not provide you with anything no emails no bank statements anything....'* Leonard's total disregard of the Court's

Compel Order is the direct execution of this bad-faith strategy. By withholding his 2024 bank statements, Leonard effectively blocks Plaintiff from tracking the path of late-2024 corporate funds and 'Owner Draws' into his personal possession

6.      Because Leonard has completely refused to answer interrogatories or produce financial records, Plaintiff is entirely precluded from discovering the existence, location, or value of these potentially concealed assets. Leonard's total failure to participate in discovery severely prejudices Plaintiff's ability to prepare for trial and investigate this critical matter.

### III.     Legal Authority and Grounds for Sanctions

7.      While pro se litigants are afforded wide latitude, they are bound by the same Federal Rules of Civil Procedure and Bankruptcy Procedure that govern standard practitioners. A pro se defendant cannot use his status as both a shield to ignore discovery obligations and a sword to surreptitiously control unmapped estate assets.

8.      Under Fed. R. Civ. P. 37(b)(2)(A), the Court may impose sanctions if a party fails to serve answers, objections, or responses to properly served interrogatories or requests for production. Available remedies under Rule 37(b)(2)(A)(iii) include striking pleadings or defenses in their entirety.

9.      Leonard's failure to defend or participate has inherently prejudiced AFS's trial preparation. Furthermore, his written declarations confirming his intent to withhold bank statements and execute an information blackout validate AFS's active causes of action for intentional concealment under 11 U.S.C. § 727(a).

10.     Because Leonard has chosen to completely absent himself from the discovery process while simultaneously acting to conceal and control unscheduled assets, AFS requests that his

answer and defenses be struck, and that an adverse inference be entered finding he actively hid assets from the Chapter 7 trustee and creditors.

11.    Under Fed. R. Civ. P. 37(b)(2)(C), the Court *must* order a disobedient party to pay the reasonable expenses, including attorney's fees, caused by the failure to obey a discovery order. Plaintiff requests a mandatory award of all reasonable fees and costs incurred from May 27, 2026, forward, covering the drafting of this motion and the secondary deployment of third-party subpoenas to Wellington State Bank and First Financial Bank to extract the records Leonard has intentionally suppressed

### IV.    Prayer for Relief

Plaintiff respectfully requests that the Court grant this Motion, strike any defenses asserted by Leonard Clarence Foyt, Jr., enter an adverse inference establishing his concealment of estate assets, and grant Plaintiff all further relief to which it is justly entitled.

Respectfully submitted:

Norred Law, PLLC
By: /s/ Clayton L. Everett
Clayton L. Everett
Texas State Bar No. 24065212
clayton@norredlaw.com
515 E. Border Street
Arlington, Texas 76010
Telephone: (817)704-3984
Counsel for Plaintiff

### CERTIFICATE OF CONFERENCE

Pursuant to TXNB Local Bankruptcy Rule 7007-1, I certify that counsel for Plaintiff, Clayton L. Everett, attempted to confer in good faith with pro se Defendant Leonard Clarence Foyt, Jr. regarding his absolute failure to comply with this Court's Compel Order (Doc. 18). On June 4, 2026, Plaintiff's counsel contacted Defendant via phone. Defendant indicated that he is opposed to the relief requested in the Motion.

/s/ Clayton L. Everett
Clayton L. Everett

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 4, 2026, a true and correct copy of the above and foregoing document shall be served via electronic means, if available, otherwise by regular, first-class mail, to:

*Via CM/ECF to Counsel for Adrianne Dawn Foyt: Robert C. Newark, III, 1341 W. Mockingbird Lane, Ste 600W Dallas, TX 75247*

*Via US Mail to Defendants*: *Adrianne Dawn Foyt and Leonard Clarence Foyt, Jr, P.O. Box 304 Cresson, TX 76035*

        ___/s/ Clayton L. Everett_____
         Clayton L. Everett