United States Bankruptcy Court
Northern District of Texas
Fort Worth Division

| | |
|---|---|
| **In re:** | |
| **Adrianne Dawn Foyt and Leonard Clarence Foyt, Jr.** | **Case No. 25-42773-mxm7** |
| Debtor(s) | **Chapter 7** |
| **Advisory Financial Services, LLC** | |
| Plaintiff(s) | |
| **v.** | |
| **Adrianne Dawn Foyt et al.** | **Adversary No. 25-04136-mxm** |
| Defendant(s) | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR RULE 37 SANCTIONS
AND CONTEMPT AGAINST DEFENDANT LEONARD CLARENCE FOYT, JR.**

On this day, the Court considered *Plaintiff's Motion for Rule 37 Sanctions Against Pro Se*

*Defendant Leonard Clarence Foyt, Jr.* (the "Motion"), filed as 2026-05-29-

MotionRule37Sanctions-Leonard-ce V2.docx by Plaintiff Advisory Financial Services, LLC ("Plaintiff"). Due and proper notice of the Motion was served directly upon the *pro se* Defendant.

The Court finds that it has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334, and that this is a core proceeding. The Court further finds that on April 23, 2026, it entered an *Order Granting Plaintiff's Motion to Compel Discovery Responses and Production* against Leonard Clarence Foyt, Jr. ("Leonard"), referenced as 18-OrderGrantLFMotCompel_AdvFin,Leonard.pdf.

The Court finds that Defendant Leonard has completely failed to comply with the explicit mandates of that Compel Order by failing to produce any responsive documents, specifically including any 2024 personal or business banking records to which he had authorized access or signature authority. The Court finds that Leonard's total refusal to produce records directly executes a written intention to completely obstruct discovery, severely prejudicing Plaintiff's trial preparation and blocking the tracking of late-2024 corporate fund diversions and personal draws. Accordingly, it is FOUND, ORDERED, ADJUDGED, AND DECREED that:

1. Plaintiff's Motion is GRANTED.

2. Pursuant to Fed. R. Civ. P. 37(b)(2)(A)(iii) and Fed. R. Bankr. P. 7037, any and all answers, responses, or defenses filed or asserted by *pro se* Defendant Leonard Clarence Foyt, Jr. in this adversary proceeding are hereby STRUCK IN THEIR ENTIRETY, and judgment by default may be entered against him upon separate application by Plaintiff.

3. Pursuant to Fed. R. Civ. P. 37(b)(2)(A)(i), the following facts are deemed PERMANENTLY ESTABLISHED for the purposes of this action:

- o Leonard possessed active, authorized control and signature authority over corporate assets and bank accounts used to divert funds immediately prior to the bankruptcy filing.

- o Leonard acted in bad faith and in concert to execute an absolute information blackout to conceal the path of late-2024 corporate funds and owner draws into his personal possession, validating Plaintiff's causes of action for intentional asset concealment under 11 U.S.C. § 727(a).

4. Pursuant to Fed. R. Civ. P. 37(b)(2)(C), Plaintiff is awarded its reasonable expenses, including attorney's fees, caused by Leonard's failure to comply with the Compel Order, covering all activities from May 27, 2026, forward, including the drafting of the Motion and the processing of third-party subpoenas required to extract the records suppressed by Defendant. Plaintiff's counsel shall submit an itemized fee application to the Court within fourteen (14) days of entry of this Order.

# # # END OF ORDER # # #

Respectfully submitted by:
Clayton L. Everett
Counsel for Plaintiff