Clayton L. Everett, Texas State Bar No. 24065212
NORRED LAW, PLLC | 515 E. Border Street | Arlington, Texas 76010
Phone: (817) 704-3984 | clayton@norredlaw.com
Attorney for Advisory Financial Services, LLC

# United States Bankruptcy Court
### Northern District of Texas
### Fort Worth Division

| | |
|---|---|
| In re:<br><br>Adrianne Dawn Foyt and Leonard Clarence Foyt, Jr.<br><br>Debtors.<br><br>Advisory Financial Services, LLC<br><br>Plaintiff,<br><br>v.<br><br>Adrianne Dawn Foyt et al.<br><br>Defendants. | Case No. 25-42773-mxm7<br><br>Chapter 7<br><br>Adversary No. 25-04136-mxm |

### PLAINTIFF'S MOTION FOR RULE 37 SANCTIONS AGAINST PRO SE DEFENDANT LEONARD CLARENCE FOYT, JR.

Plaintiff Advisory Financial Services, LLC ("Plaintiff" or "AFS") files this Motion for Rule 37 Sanctions against pro se Defendant Leonard Clarence Foyt, Jr. ("Leonard"), and in support respectfully shows the Court:

### I. Preliminary Statement

1.      This Motion is necessitated by pro se Defendant Leonard Clarence Foyt, Jr.'s ("Leonard") absolute disregard of this Court's Order Granting Plaintiff's Motion to Compel Discovery Responses and Production, entered on April 23, 2026 (Doc. 18). Despite an explicit judicial mandate requiring him to produce all responsive 2024 personal and business bank records within thirty (30) days, Leonard has produced absolutely zero pages. Leonard has chosen to completely

25-04136-mxm, Plaintiff's Motion for Rule 37 Sanctions and Contempt

absent himself from the discovery process, directly fulfilling a prior written promise to withhold all financial tracking from Plaintiff. With the Trial Docket Call set for June 25, 2026, Plaintiff is left with no choice but to seek severe terminating and evidentiary sanctions under Fed. R. Civ. P. 37(b)(2)(A) and Fed. R. Bankr. P. 7037.

## II.    Factual Background and Non-Cooperation

2.    Leonard was properly served with notice of the Plaintiff's discovery motions and the Court's scheduling orders. Specifically, on April 17, 2026, he was served via his designated email address (lfoytjr@gmail.com) with the proposed orders tracking pretrial deadlines. Leonard completely failed to respond or participate.

3.    Consistent with his silence, Leonard has failed to propound any discovery. While Leonard served an initial, deficient response disclaiming all knowledge, access, or corporate control, he has completely failed to provide any documents or communications in response to this Court's Compel Order.

4.    Sworn records in the related corporate bankruptcy case of LA Services, LLC (Case No. 25-41496-mxm7) identify Leonard as a corporate Vice President and person in active control of the business entity. Furthermore, upon information and belief, signature cards held by the District Attorney indicate that Leonard maintained authorized access to the corporate bank accounts used to divert funds immediately prior to filing for bankruptcy.

5.    On November 1, 2024, when Plaintiff demanded that funds on deposit be preserved, Leonard flatly refused, texting Plaintiff's representative: *'That's not going to happen.'* Minutes later, Leonard explicitly declared his intent to execute an absolute information blackout, stating in writing: *'There will no longer be any correspondence with you....we will not provide you with anything no emails no bank statements anything....'* Leonard's total disregard of the Court's

Compel Order is the direct execution of this bad-faith strategy. By withholding his 2024 bank statements, Leonard effectively blocks Plaintiff from tracking the path of late-2024 corporate funds and 'Owner Draws' into his personal possession

6.      Because Leonard has completely refused to answer interrogatories or produce financial records, Plaintiff is entirely precluded from discovering the existence, location, or value of these potentially concealed assets. Leonard's total failure to participate in discovery severely prejudices Plaintiff's ability to prepare for trial and investigate this critical matter.

### III.    Legal Authority and Grounds for Sanctions

7.      While pro se litigants are afforded wide latitude, they are bound by the same Federal Rules of Civil Procedure and Bankruptcy Procedure that govern standard practitioners. A pro se defendant cannot use his status as both a shield to ignore discovery obligations and a sword to surreptitiously control unmapped estate assets.

8.      Under Fed. R. Civ. P. 37(b)(2)(A), the Court may impose sanctions if a party fails to serve answers, objections, or responses to properly served interrogatories or requests for production. Available remedies under Rule 37(b)(2)(A)(iii) include striking pleadings or defenses in their entirety.

9.      Leonard's failure to defend or participate has inherently prejudiced AFS's trial preparation. Furthermore, his written declarations confirming his intent to withhold bank statements and execute an information blackout validate AFS's active causes of action for intentional concealment under 11 U.S.C. § 727(a).

10.     Because Leonard has chosen to completely absent himself from the discovery process while simultaneously acting to conceal and control unscheduled assets, AFS requests that his

answer and defenses be struck, and that an adverse inference be entered finding he actively hid

assets from the Chapter 7 trustee and creditors.

11.     Under Fed. R. Civ. P. 37(b)(2)(C), the Court *must* order a disobedient party to pay the

reasonable expenses, including attorney's fees, caused by the failure to obey a discovery order.

Plaintiff requests a mandatory award of all reasonable fees and costs incurred from May 27, 2026,

forward, covering the drafting of this motion and the secondary deployment of third-party

subpoenas to Wellington State Bank and First Financial Bank to extract the records Leonard has

intentionally suppressed

### IV.     Prayer for Relief

Plaintiff respectfully requests that the Court grant this Motion, strike any defenses asserted

by Leonard Clarence Foyt, Jr., enter an adverse inference establishing his concealment of estate

assets, and grant Plaintiff all further relief to which it is justly entitled.


Respectfully submitted:

Norred Law, PLLC
By: /s/ Clayton L. Everett
Clayton L. Everett
Texas State Bar No. 24065212
clayton@norredlaw.com
515 E. Border Street
Arlington, Texas 76010
Telephone: (817)704-3984
Counsel for Plaintiff

### CERTIFICATE OF CONFERENCE

Pursuant to TXNB Local Bankruptcy Rule 7007-1, I certify that counsel for Plaintiff, Clayton L. Everett, attempted to confer in good faith with pro se Defendant Leonard Clarence Foyt, Jr. regarding his absolute failure to comply with this Court's Compel Order (Doc. 18). On June 4, 2026, Plaintiff's counsel contacted Defendant via phone. Defendant indicated that he is opposed to the relief requested in the Motion.

                            /s/ Clayton L. Everett
                            Clayton L. Everett

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 4, 2026, a true and correct copy of the above and foregoing document shall be served via electronic means, if available, otherwise by regular, first-class mail, to:

*Via CM/ECF to Counsel for Adrianne Dawn Foyt: Robert C. Newark, III, 1341 W. Mockingbird Lane, Ste 600W Dallas, TX 75247*

*Via US Mail to Defendants*: *Adrianne Dawn Foyt and Leonard Clarence Foyt, Jr, P.O. Box 304 Cresson, TX 76035*

                                                 ___/s/ Clayton L. Everett_____
                                                    Clayton L. Everett

United States Bankruptcy Court
Northern District of Texas
Fort Worth Division

| | |
|---|---|
| **In re:** | |
| **Adrianne Dawn Foyt and Leonard Clarence Foyt, Jr.** | **Case No. 25-42773-mxm7** |
| Debtor(s) | **Chapter 7** |
| **Advisory Financial Services, LLC** | |
| Plaintiff(s) | |
| **v.** | |
| **Adrianne Dawn Foyt et al.** | **Adversary No. 25-04136-mxm** |
| Defendant(s) | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR RULE 37 SANCTIONS
AND CONTEMPT AGAINST DEFENDANT LEONARD CLARENCE FOYT, JR.**

On this day, the Court considered *Plaintiff's Motion for Rule 37 Sanctions Against Pro Se*

*Defendant    Leonard    Clarence    Foyt,    Jr.* (the    "Motion"),    filed    as 2026-05-29-

MotionRule37Sanctions-Leonard-ce V2.docx by Plaintiff Advisory Financial Services, LLC ("Plaintiff"). Due and proper notice of the Motion was served directly upon the *pro se* Defendant.

The Court finds that it has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334, and that this is a core proceeding. The Court further finds that on April 23, 2026, it entered an *Order Granting Plaintiff's Motion to Compel Discovery Responses and Production* against Leonard Clarence Foyt, Jr. ("Leonard"), referenced as 18-OrderGrantLFMotCompel_AdvFin,Leonard.pdf.

The Court finds that Defendant Leonard has completely failed to comply with the explicit mandates of that Compel Order by failing to produce any responsive documents, specifically including any 2024 personal or business banking records to which he had authorized access or signature authority. The Court finds that Leonard's total refusal to produce records directly executes a written intention to completely obstruct discovery, severely prejudicing Plaintiff's trial preparation and blocking the tracking of late-2024 corporate fund diversions and personal draws. Accordingly, it is FOUND, ORDERED, ADJUDGED, AND DECREED that:

1. Plaintiff's Motion is GRANTED.

2. Pursuant to Fed. R. Civ. P. 37(b)(2)(A)(iii) and Fed. R. Bankr. P. 7037, any and all answers, responses, or defenses filed or asserted by *pro se* Defendant Leonard Clarence Foyt, Jr. in this adversary proceeding are hereby STRUCK IN THEIR ENTIRETY, and judgment by default may be entered against him upon separate application by Plaintiff.

3. Pursuant to Fed. R. Civ. P. 37(b)(2)(A)(i), the following facts are deemed PERMANENTLY ESTABLISHED for the purposes of this action:

- o  Leonard possessed active, authorized control and signature authority over corporate assets and bank accounts used to divert funds immediately prior to the bankruptcy filing.

- o  Leonard acted in bad faith and in concert to execute an absolute information blackout to conceal the path of late-2024 corporate funds and owner draws into his personal possession, validating Plaintiff's causes of action for intentional asset concealment under 11 U.S.C. § 727(a).

4. Pursuant to Fed. R. Civ. P. 37(b)(2)(C), Plaintiff is awarded its reasonable expenses, including attorney's fees, caused by Leonard's failure to comply with the Compel Order, covering all activities from May 27, 2026, forward, including the drafting of the Motion and the processing of third-party subpoenas required to extract the records suppressed by Defendant. Plaintiff's counsel shall submit an itemized fee application to the Court within fourteen (14) days of entry of this Order.

# # # END OF ORDER # # #

Respectfully submitted by:
Clayton L. Everett
Counsel for Plaintiff