Broocks "Mack" Wilson
WILSON FRIERY PLLC
708 Main Street, 10th Floor
Houston, Texas 77002
(713) 320-8690
mack@wilsonfriery.com
Counsel for Advisory Financial Services, LLC

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 7 |
| Adrianne Foyt and Leonard Foyt, Jr., | § | |
| | § | Case No. 25-42773 |
| Debtors. | § | |
| Advisory Financial Services, LLC, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Adv. Proc. No. 25-04136-mxm |
| | § | |
| Adrienne Foyt and Leonard Foyt, Jr., | § | |
| | § | |
| *Defendants*. | § | |

**PLAINTIFF'S NOTICE OF INTENT TO SERVE SUBPOENA DUCES TECUM TO PRODUCE DOCUMENTS IN AN ADVERSARY PROCEEDING**

TO ALL PARTIES AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Advisory Financial Services, LLC, ("AFS") intends to serve the attached Subpoenas Duces Tecum to Produce Documents, Information, or Objects in an Adversary Proceeding on or after October 5, 2026.

Dated: September 30, 2026

By: *<u>/s/ Broocks M. Wilson</u>*
Broocks 'Mack' Wilson
State Bar No. 24102655
Wilson Friery PLLC
708 Main Street, 10th Floor
Houston, Texas 77002
(713) 320-8690
mack@wilsonfriery.com

*Counsel for Advisory Financial Services, LLC*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on September 30, 2026, a true and correct copy of the foregoing was served on all parties registered with CM/ECF to receive electronic notice in this adversary proceeding.

Additionally, a copy was also served upon Leonard Foyt, Jr., by email and to his address at 4003 View Point Drive, Granbury, Texas 76048.

*<u>/s/ Broocks M. Wilson</u>*
Broocks M. Wilson

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Northern District of Texas

In re Adrianne Dawn Foyt and Leonard Clarence Foyt, Jr.
Debtor

Case No. 25-42773-mxm7

(*Complete if issued in an adversary proceeding*)

Chapter 7

Advisory Financial Services, LLC
Plaintiff
v.
Adrianne Dawn Foyt, et al.
Defendant

Adv. Proc. No. 25-04136-mxm

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: Wellington State Bank - Attn: Legal/Subpoena Processing Department, 1343 N. Plaza Dr., Granbury, TX 76048
(*Name of person to whom the subpoena is directed*)

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| mack@wilsonfriery.com, or any other place agreed to by requestor | October 23, 2026, at 5:00 p.m. (CT) |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/01/2026

CLERK OF COURT

OR

_________________________ /s/ Broocks Wilson
*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing (*name of party*) Advisory Financial Services, LLC, who issues or requests this subpoena, are:
Broocks "Mack" Wilson, 708 Main Street, 10th Floor, Houston, Texas 77002, Phone: 713-320-8690, mack@wilsonfriery.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ________________________________________________
on *(date)* __________ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____________________________________
_______________________________________________________________________________________________
___________________________________ on (*date*) ___________________ ; or

☐ I returned the subpoena unexecuted because: _____________________________________________________________
_______________________________________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _______________________ .

My fees are $ _________ for travel and $_________ for services, for a total of $_________ .

I declare under penalty of perjury that this information is true and correct.

Date: _______________

_______________________________________________
*Server's signature*

_______________________________________________
*Printed name and title*

_______________________________________________
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)

**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# ATTACHMENT A TO SUBPOENA DUCES TECUM

*Advisory Financial Services, LLC v. Adrianne Dawn Foyt, et al.*, Bankr. N.D. Tex., Adv. No. 25-04136
*Request for Records of Leonard Clarence Foyt Jr. and Adrianne Foyt*

## DEFINITIONS AND INSTRUCTIONS

1. "You" and "Your" mean the subpoenaed financial institution and its predecessors, successors, subsidiaries, affiliates, divisions, and any entity whose records You maintain or control.
2. "Document" and "Record" have the broadest meaning permitted under Federal Rule of Civil Procedure 34(a) and include electronically stored information in any form.
3. "Account" means any deposit, checking, savings, money market, certificate of deposit, treasury, sweep, escrow, custodial, safe deposit, or other account of any kind.
4. "The Foyts" means Leonard Clarence Foyt, Jr. and Adrianne Dawn Foyt, individually and jointly, together with any prior, assumed, or alternative name used by either of them.
5. "Relevant Period" means January 1, 2024, through the date of production.
6. **Identification of Accounts.** You are directed to conduct a search of Your records by each of the identifiers set forth below, and not solely by account number or account title, so as to identify every Account within the scope of these requests, including any Account not presently known to the requesting party:
   a. Leonard Clarence Foyt, Jr.;
   b. Adrianne Dawn Foyt, including under the names Adrianne Dawn Hooper, Adrianne Dawn Martin, and Adrianne Dawn Denton;
   c. Any Account on which either individual is or was a signer, authorized user, joint owner, custodian, trustee, or beneficiary.

   The Social Security numbers of the individuals named above are provided under separate cover and are incorporated into this Instruction for search purposes.
7. **Form and Place of Production.** Production shall be made electronically to mack@wilsonfriery.com, or at any other place agreed to by the requestor, in native format where available, or in searchable PDF with accompanying load file. No personal appearance is required. Records shall be produced as they are kept in the ordinary course of business or organized and labeled to correspond to the categories below.
8. **Rolling Production.** You may produce responsive records on a rolling basis. Production of readily available records should not be delayed pending archival retrieval. If any category requires an archival search, please produce the balance of the responsive records on schedule and advise of the expected date for the remainder.
9. **Certification.** Please include with Your production a written declaration of the custodian of records satisfying Federal Rule of Evidence 902(11) and 803(6).
10. **Withheld Records.** If any responsive record is withheld, please identify the record, state the basis for withholding, and state whether a copy is retained.
11. **No Responsive Records.** If no responsive records exist as to any category, please so state in writing.

12. **Costs.** The requesting party will pay Your reasonable costs of retrieval and production. Please provide an estimate in advance if costs are expected to exceed $1,000.

## PART 1 — TRANSACTION AND TRACING RECORDS

*For each Account identified under Instruction 6, for the Relevant Period, produce:*

1. All monthly or periodic account statements, including every page, summary pages, deposit schedules, debit and withdrawal pages, and any enclosures or inserts.
2. All deposit slips and images of every item deposited, front and back, including checks, money orders, cashier's checks, official checks, and cash-in tickets.
3. All images of cleared checks, front and back, including all endorsements and endorsement stamps.
4. All withdrawal slips, counter withdrawal tickets, and debit memoranda.
5. All records of incoming and outgoing wire transfers, including:
    a. The Fedwire or CHIPS record for each transfer;
    b. The wire transfer request form, instruction, or authorization submitted to You, and the identity of the person who submitted it;
    c. Originator name, address, and account;
    d. Beneficiary name, address, account, and beneficiary institution;
    e. Any originator-to-beneficiary information, reference, or memo field;
    f. Any intermediary institution records;
    g. Any callback or verification record associated with the transfer.
6. All records of ACH credits and debits, including the originating or receiving company name, company identification, and entry description.
7. All records relating to cashier's checks, official checks, certified checks, teller's checks, and money orders **purchased from, issued by, deposited with, presented to, or negotiated through You**, including:
    a. The purchase application, request, or instruction, and the identity of the person who submitted it;
    b. Remitter and payee;
    c. The Account or source of funds debited for the purchase;
    d. The check or serial number of each item, and the serial range of any items issued in a single transaction;
    e. The item image, front and back, including all endorsements;
    f. Whether the item has been presented, negotiated, stopped, or remains outstanding, and the current status of each item as of the date of production;
    g. Any stop payment order, indemnity agreement, or declaration of loss.

8. All records of internal transfers between Accounts, and all records of transfers to or from any account at another institution.
9. All debit card and ATM transaction detail, including transaction date and time, location, terminal identification, merchant name, amount, and any associated fees.
10. All records of cash transactions of any amount, including cash-in and cash-out tickets, and all Currency Transaction Reports filed by You.
11. All records reflecting overdrafts, returned items, holds, garnishments, levies, or account restrictions.

## PART 2 — ACCESS, CONTROL, AND KNOWLEDGE RECORDS

*For each Account identified under Instruction 6, for the Relevant Period, produce:*

1. All account opening documentation, including applications, signature cards, corporate resolutions, and account agreements.
2. Complete authorized signer and authorized user history for each Account, including every addition, removal, or change in authority, and the date of each.
3. All Customer Identification Program records, including copies of driver's licenses, passports, or other identification presented in connection with the opening or maintenance of the Account.
4. All online, mobile, and electronic banking records, including:
    a. Enrollment records identifying each user profile associated with the Account and the date of enrollment;
    b. The username or user identifier associated with each profile;
    c. Access and session logs identifying date, time, IP address, and device;
    d. Transaction logs identifying the user profile that initiated each transfer, payment, wire, or account change;
    e. Records of password resets, credential changes, and multi-factor authentication registrations, including the telephone number or email address registered;
    f. All secure messages sent or received through the online banking platform.
5. All records of telephone contact concerning the Account, including call logs, callback verification records, telephone banking access logs, and any note of the identity of the person You spoke with and the telephone number called.
6. All branch or in-person service records, including teller notes, service tickets, customer service logs, and records of any in-person instruction concerning the Account.
7. All correspondence between You and any account holder, signer, or authorized user, and all correspondence concerning the Account with any third party.
8. All records of debit card, ATM card, and credit card issuance, including the name embossed on each card, the date of issuance, activation records, and PIN establishment or change records.
9. All statement delivery records, including the mailing address and email address to which statements were sent, any change to delivery instructions and the date of the change, and all electronic statement access logs identifying the user profile and the date of each statement viewed or downloaded.

10. All records reflecting any instruction, request, or authorization given to You concerning the Account, by whom given, and the manner in which it was given.
11. All records reflecting the closure of any Account, including who requested closure, the date of closure, and the disposition of any remaining funds.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Northern District of Texas

In re Adrianne Dawn Foyt and Leonard Clarence Foyt, Jr.
Debtor

Case No. 25-42773-mxm7

(Complete if issued in an adversary proceeding)

Chapter 7

Advisory Financial Services, LLC
Plaintiff
v.
Adrianne Dawn Foyt, et al.
Defendant

Adv. Proc. No. 25-04136-mxm

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Wellington State Bank - Attn: Legal/Subpoena Processing Department, 1343 N. Plaza Dr., Granbury, TX 76048
*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| mack@wilsonfriery.com, or any other place agreed to by requestor | October 23, 2026, at 5:00 p.m. (CT) |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/01/2026

CLERK OF COURT

OR

_________________________
*Signature of Clerk or Deputy Clerk*

/s/ Broocks Wilson
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Advisory Financial Services, LLC, who issues or requests this subpoena, are:

Broocks "Mack" Wilson, 708 Main Street, 10th Floor, Houston, Texas 77002, Phone: 713-320-8690, mack@wilsonfriery.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ______________________________________________
on *(date)* __________ .

☐ I served the subpoena by delivering a copy to the named person as follows: ____________________________________
____________________________________________________________________________________________________
__________________________________ on (*date*) ___________________ ; or

☐ I returned the subpoena unexecuted because: ____________________________________________________________
____________________________________________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _______________________ .

My fees are $ _________ for travel and $_________ for services, for a total of $_________ .

I declare under penalty of perjury that this information is true and correct.

Date: _______________

________________________________________________
*Server's signature*

________________________________________________
*Printed name and title*

________________________________________________
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# ATTACHMENT A TO SUBPOENA DUCES TECUM

*Advisory Financial Services, LLC v. Adrianne Dawn Foyt, et al.*, Bankr. N.D. Tex., Adv. No. 25-04136
*Request for Records of LA Services, LLC*

## DEFINITIONS AND INSTRUCTIONS

1. "You" and "Your" mean the subpoenaed financial institution and its predecessors, successors, subsidiaries, affiliates, divisions, and any entity whose records You maintain or control.
2. "Document" and "Record" have the broadest meaning permitted under Federal Rule of Civil Procedure 34(a) and include electronically stored information in any form.
3. "Account" means any deposit, checking, savings, money market, certificate of deposit, treasury, sweep, escrow, custodial, safe deposit, or other account of any kind.
4. "LAS" means LA Services, LLC, EIN 82-3476685, together with any assumed name, trade name, or d/b/a under which it has transacted business.
5. "Relevant Period" means January 1, 2024, through the date of production.
6. **Identification of Accounts.** You are directed to conduct a search of Your records by each of the identifiers set forth below, and not solely by account number or account title, so as to identify every Account within the scope of these requests, including any Account not presently known to the requesting party:
   a. LA Services, LLC, EIN 82-3476685;
   b. Any Account on which Leonard Clarence Foyt, Jr. or Adrianne Dawn Foyt is or was a signer, authorized user, or beneficiary in a business or entity capacity, including under the names Adrianne Dawn Hooper, Adrianne Dawn Martin, or Adrianne Dawn Denton;
   c. The following addresses: P.O. Box 1603, Granbury, Texas 76048; and 223 Industrial Ave., Granbury, Texas 76049.
7. **Form and Place of Production.** Production shall be made electronically to mack@wilsonfriery.com, or at any other place agreed to by the requestor, in native format where available, or in searchable PDF with accompanying load file. No personal appearance is required. Records shall be produced as they are kept in the ordinary course of business or organized and labeled to correspond to the categories below.
8. **Rolling Production.** You may produce responsive records on a rolling basis. Production of readily available records should not be delayed pending archival retrieval. If any category requires an archival search, please produce the balance of the responsive records on schedule and advise of the expected date for the remainder.
9. **Certification.** Please include with Your production a written declaration of the custodian of records satisfying Federal Rule of Evidence 902(11) and 803(6).
10. **Withheld Records.** If any responsive record is withheld, please identify the record, state the basis for withholding, and state whether a copy is retained.
11. **No Responsive Records.** If no responsive records exist as to any category, please so state in writing.
12. **Costs.** The requesting party will pay Your reasonable costs of retrieval and production. Please provide an estimate in advance if costs are expected to exceed $1,000.

## PART 1 — TRANSACTION AND TRACING RECORDS

*For each Account identified under Instruction 6, for the Relevant Period, produce:*

1. All monthly or periodic account statements, including every page, summary pages, deposit schedules, debit and withdrawal pages, and any enclosures or inserts.
2. All deposit slips and images of every item deposited, front and back, including checks, money orders, cashier's checks, official checks, and cash-in tickets.
3. All images of cleared checks, front and back, including all endorsements and endorsement stamps.
4. All withdrawal slips, counter withdrawal tickets, and debit memoranda.
5. All records of incoming and outgoing wire transfers, including:
    a. The Fedwire or CHIPS record for each transfer;
    b. The wire transfer request form, instruction, or authorization submitted to You, and the identity of the person who submitted it;
    c. Originator name, address, and account;
    d. Beneficiary name, address, account, and beneficiary institution;
    e. Any originator-to-beneficiary information, reference, or memo field;
    f. Any intermediary institution records;
    g. Any callback or verification record associated with the transfer.
6. All records of ACH credits and debits, including the originating or receiving company name, company identification, and entry description.
7. All records relating to cashier's checks, official checks, certified checks, teller's checks, and money orders **purchased from, issued by, deposited with, presented to, or negotiated through You**, including:
    a. The purchase application, request, or instruction, and the identity of the person who submitted it;
    b. Remitter and payee;
    c. The Account or source of funds debited for the purchase;
    d. The check or serial number of each item, and the serial range of any items issued in a single transaction;
    e. The item image, front and back, including all endorsements;
    f. Whether the item has been presented, negotiated, stopped, or remains outstanding, and the current status of each item as of the date of production;
    g. Any stop payment order, indemnity agreement, or declaration of loss.
8. All records of internal transfers between Accounts, and all records of transfers to or from any account at another institution.
9. All debit card and ATM transaction detail, including transaction date and time, location, terminal identification, merchant name, amount, and any associated fees.

10. All records of cash transactions of any amount, including cash-in and cash-out tickets, and all Currency Transaction Reports filed by You.
11. All records reflecting overdrafts, returned items, holds, garnishments, levies, or account restrictions.
12. **Without limiting the foregoing, all records of every transaction in any Account on November 1, 2024**, including the teller journal or daily work reflecting each such transaction, any officer or supervisor approval, any large-item or funds-availability exception, and any note, memorandum, or service record generated that day.

## PART 2 — ACCESS, CONTROL, AND KNOWLEDGE RECORDS

*For each Account identified under Instruction 6, for the Relevant Period, produce:*

1. All account opening documentation, including applications, signature cards, corporate resolutions, and account agreements.
2. Complete authorized signer and authorized user history for each Account, including every addition, removal, or change in authority, and the date of each.
3. All Customer Identification Program records, including copies of driver's licenses, passports, or other identification presented, and all beneficial ownership certifications, together with the identity of the person who executed each certification.
4. All online, mobile, and electronic banking records, including:
    a. Enrollment records identifying each user profile associated with the Account and the date of enrollment;
    b. The username or user identifier associated with each profile;
    c. Access and session logs identifying date, time, IP address, and device;
    d. Transaction logs identifying the user profile that initiated each transfer, payment, wire, or account change;
    e. Records of password resets, credential changes, and multi-factor authentication registrations, including the telephone number or email address registered;
    f. All secure messages sent or received through the online banking platform.
5. All records of telephone contact concerning the Account, including call logs, callback verification records, telephone banking access logs, and any note of the identity of the person You spoke with and the telephone number called.
6. All branch or in-person service records, including teller notes, service tickets, customer service logs, and records of any in-person instruction concerning the Account.
7. All correspondence between You and any account holder, signer, or authorized user, and all correspondence concerning the Account with any third party.
8. All records of debit card, ATM card, and credit card issuance, including the name embossed on each card, the date of issuance, activation records, and PIN establishment or change records.
9. All statement delivery records, including the mailing address and email address to which statements were sent, any change to delivery instructions and the date of the change, and all

electronic statement access logs identifying the user profile and the date of each statement viewed or downloaded.

10. All records reflecting any instruction, request, or authorization given to You concerning the Account, by whom given, and the manner in which it was given.
11. All records reflecting the closure of any Account, including who requested closure, the date of closure, and the disposition of any remaining funds.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Northern District of Texas

In re Adrianne Dawn Foyt and Leonard Clarence Foyt, Jr.
Debtor

(Complete if issued in an adversary proceeding)

Advisory Financial Services, LLC
Plaintiff
v.
Adrianne Dawn Foyt, et al.
Defendant

Case No. 25-42773-mxm7

Chapter 7

Adv. Proc. No. 25-04136-mxm

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: First Financial Bank - Attn: Legal/Subpoena Processing Department, 401 West Center Street, Granbury, TX 76048
*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| mack@wilsonfriery.com, or any other place agreed to by requestor | October 23, 2026, at 5:00 p.m. (CT) |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/01/2026

CLERK OF COURT

OR

/s/ Broocks Wilson

*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Advisory Financial Services, LLC, who issues or requests this subpoena, are:
Broocks "Mack" Wilson, 708 Main Street, 10th Floor, Houston, Texas 77002, Phone: 713-320-8690, mack@wilsonfriery.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ________________________________________________
on *(date)* __________ .

☐ I served the subpoena by delivering a copy to the named person as follows: ______________________________________
____________________________________________________________________________________________________
___________________________________ on (*date*) ___________________ ; or

☐ I returned the subpoena unexecuted because: ______________________________________________________________
____________________________________________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _______________________ .

My fees are $ _________ for travel and $_________ for services, for a total of $_________ .

I declare under penalty of perjury that this information is true and correct.

Date: _______________

________________________________________________
*Server's signature*

________________________________________________
*Printed name and title*

________________________________________________
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# ATTACHMENT A TO SUBPOENA DUCES TECUM

*Advisory Financial Services, LLC v. Adrianne Dawn Foyt, et al.*, Bankr. N.D. Tex., Adv. No. 25-04136
*Request for Records of Leonard Clarence Foyt Jr. and Adrianne Foyt*

## DEFINITIONS AND INSTRUCTIONS

1. "You" and "Your" mean the subpoenaed financial institution and its predecessors, successors, subsidiaries, affiliates, divisions, and any entity whose records You maintain or control.
2. "Document" and "Record" have the broadest meaning permitted under Federal Rule of Civil Procedure 34(a) and include electronically stored information in any form.
3. "Account" means any deposit, checking, savings, money market, certificate of deposit, treasury, sweep, escrow, custodial, safe deposit, or other account of any kind.
4. "The Foyts" means Leonard Clarence Foyt, Jr. and Adrianne Dawn Foyt, individually and jointly, together with any prior, assumed, or alternative name used by either of them.
5. "Relevant Period" means January 1, 2024, through the date of production.
6. **Identification of Accounts.** You are directed to conduct a search of Your records by each of the identifiers set forth below, and not solely by account number or account title, so as to identify every Account within the scope of these requests, including any Account not presently known to the requesting party:
   a. Leonard Clarence Foyt, Jr.;
   b. Adrianne Dawn Foyt, including under the names Adrianne Dawn Hooper, Adrianne Dawn Martin, and Adrianne Dawn Denton;
   c. Any Account on which either individual is or was a signer, authorized user, joint owner, custodian, trustee, or beneficiary.

   The Social Security numbers of the individuals named above are provided under separate cover and are incorporated into this Instruction for search purposes.
7. **Form and Place of Production.** Production shall be made electronically to mack@wilsonfriery.com, or at any other place agreed to by the requestor, in native format where available, or in searchable PDF with accompanying load file. No personal appearance is required. Records shall be produced as they are kept in the ordinary course of business or organized and labeled to correspond to the categories below.
8. **Rolling Production.** You may produce responsive records on a rolling basis. Production of readily available records should not be delayed pending archival retrieval. If any category requires an archival search, please produce the balance of the responsive records on schedule and advise of the expected date for the remainder.
9. **Certification.** Please include with Your production a written declaration of the custodian of records satisfying Federal Rule of Evidence 902(11) and 803(6).
10. **Withheld Records.** If any responsive record is withheld, please identify the record, state the basis for withholding, and state whether a copy is retained.
11. **No Responsive Records.** If no responsive records exist as to any category, please so state in writing.

12. **Costs.** The requesting party will pay Your reasonable costs of retrieval and production. Please provide an estimate in advance if costs are expected to exceed $1,000.

## PART 1 — TRANSACTION AND TRACING RECORDS

*For each Account identified under Instruction 6, for the Relevant Period, produce:*

1. All monthly or periodic account statements, including every page, summary pages, deposit schedules, debit and withdrawal pages, and any enclosures or inserts.
2. All deposit slips and images of every item deposited, front and back, including checks, money orders, cashier's checks, official checks, and cash-in tickets.
3. All images of cleared checks, front and back, including all endorsements and endorsement stamps.
4. All withdrawal slips, counter withdrawal tickets, and debit memoranda.
5. All records of incoming and outgoing wire transfers, including:
    a. The Fedwire or CHIPS record for each transfer;
    b. The wire transfer request form, instruction, or authorization submitted to You, and the identity of the person who submitted it;
    c. Originator name, address, and account;
    d. Beneficiary name, address, account, and beneficiary institution;
    e. Any originator-to-beneficiary information, reference, or memo field;
    f. Any intermediary institution records;
    g. Any callback or verification record associated with the transfer.
6. All records of ACH credits and debits, including the originating or receiving company name, company identification, and entry description.
7. All records relating to cashier's checks, official checks, certified checks, teller's checks, and money orders **purchased from, issued by, deposited with, presented to, or negotiated through You**, including:
    a. The purchase application, request, or instruction, and the identity of the person who submitted it;
    b. Remitter and payee;
    c. The Account or source of funds debited for the purchase;
    d. The check or serial number of each item, and the serial range of any items issued in a single transaction;
    e. The item image, front and back, including all endorsements;
    f. Whether the item has been presented, negotiated, stopped, or remains outstanding, and the current status of each item as of the date of production;
    g. Any stop payment order, indemnity agreement, or declaration of loss.

8. All records of internal transfers between Accounts, and all records of transfers to or from any account at another institution.
9. All debit card and ATM transaction detail, including transaction date and time, location, terminal identification, merchant name, amount, and any associated fees.
10. All records of cash transactions of any amount, including cash-in and cash-out tickets, and all Currency Transaction Reports filed by You.
11. All records reflecting overdrafts, returned items, holds, garnishments, levies, or account restrictions.

## PART 2 — ACCESS, CONTROL, AND KNOWLEDGE RECORDS

*For each Account identified under Instruction 6, for the Relevant Period, produce:*

1. All account opening documentation, including applications, signature cards, corporate resolutions, and account agreements.
2. Complete authorized signer and authorized user history for each Account, including every addition, removal, or change in authority, and the date of each.
3. All Customer Identification Program records, including copies of driver’s licenses, passports, or other identification presented in connection with the opening or maintenance of the Account.
4. All online, mobile, and electronic banking records, including:
    a. Enrollment records identifying each user profile associated with the Account and the date of enrollment;
    b. The username or user identifier associated with each profile;
    c. Access and session logs identifying date, time, IP address, and device;
    d. Transaction logs identifying the user profile that initiated each transfer, payment, wire, or account change;
    e. Records of password resets, credential changes, and multi-factor authentication registrations, including the telephone number or email address registered;
    f. All secure messages sent or received through the online banking platform.
5. All records of telephone contact concerning the Account, including call logs, callback verification records, telephone banking access logs, and any note of the identity of the person You spoke with and the telephone number called.
6. All branch or in-person service records, including teller notes, service tickets, customer service logs, and records of any in-person instruction concerning the Account.
7. All correspondence between You and any account holder, signer, or authorized user, and all correspondence concerning the Account with any third party.
8. All records of debit card, ATM card, and credit card issuance, including the name embossed on each card, the date of issuance, activation records, and PIN establishment or change records.
9. All statement delivery records, including the mailing address and email address to which statements were sent, any change to delivery instructions and the date of the change, and all electronic statement access logs identifying the user profile and the date of each statement viewed or downloaded.

10. All records reflecting any instruction, request, or authorization given to You concerning the Account, by whom given, and the manner in which it was given.
11. All records reflecting the closure of any Account, including who requested closure, the date of closure, and the disposition of any remaining funds.

# UNITED STATES BANKRUPTCY COURT

Northern District of Texas

In re Adrianne Dawn Foyt and Leonard Clarence Foyt, Jr.
Debtor

Case No. 25-42773-mxm7

*(Complete if issued in an adversary proceeding)*

Chapter 7

Advisory Financial Services, LLC
Plaintiff
v.
Adrianne Dawn Foyt, et al.
Defendant

Adv. Proc. No. 25-04136-mxm

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: First Financial Bank - Attn: Legal/Subpoena Processing Department, 401 West Center Street, Granbury, TX 76048
*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| mack@wilsonfriery.com, or any other place agreed to by requestor | October 23, 2026, at 5:00 p.m. (CT) |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/01/2026

CLERK OF COURT

OR

_______________________
*Signature of Clerk or Deputy Clerk*

/s/ Broocks Wilson
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Advisory Financial Services, LLC , who issues or requests this subpoena, are:

Broocks "Mack" Wilson, 708 Main Street, 10th Floor, Houston, Texas 77002, Phone: 713-320-8690, mack@wilsonfriery.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ______________________________________________
on *(date)* __________ .

☐ I served the subpoena by delivering a copy to the named person as follows: ____________________________________
____________________________________________________________________________________________________
__________________________________ on (*date*) ___________________ ; or

☐ I returned the subpoena unexecuted because: ____________________________________________________________
____________________________________________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _______________________ .

My fees are $ _________ for travel and $_________ for services, for a total of $_________ .

I declare under penalty of perjury that this information is true and correct.

Date: _______________

________________________________________________
*Server's signature*

________________________________________________
*Printed name and title*

________________________________________________
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)

## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# ATTACHMENT A TO SUBPOENA DUCES TECUM

*Advisory Financial Services, LLC v. Adrianne Dawn Foyt, et al.*, Bankr. N.D. Tex., Adv. No. 25-04136
*Request for Records of LA Services, LLC*

## DEFINITIONS AND INSTRUCTIONS

1. "You" and "Your" mean the subpoenaed financial institution and its predecessors, successors, subsidiaries, affiliates, divisions, and any entity whose records You maintain or control.
2. "Document" and "Record" have the broadest meaning permitted under Federal Rule of Civil Procedure 34(a) and include electronically stored information in any form.
3. "Account" means any deposit, checking, savings, money market, certificate of deposit, treasury, sweep, escrow, custodial, safe deposit, or other account of any kind.
4. "LAS" means LA Services, LLC, EIN 82-3476685, together with any assumed name, trade name, or d/b/a under which it has transacted business.
5. "Relevant Period" means January 1, 2024, through the date of production.
6. **Identification of Accounts.** You are directed to conduct a search of Your records by each of the identifiers set forth below, and not solely by account number or account title, so as to identify every Account within the scope of these requests, including any Account not presently known to the requesting party:
   a. LA Services, LLC, EIN 82-3476685;
   b. Any Account on which Leonard Clarence Foyt, Jr. or Adrianne Dawn Foyt is or was a signer, authorized user, or beneficiary in a business or entity capacity, including under the names Adrianne Dawn Hooper, Adrianne Dawn Martin, or Adrianne Dawn Denton;
   c. The following addresses: P.O. Box 1603, Granbury, Texas 76048; and 223 Industrial Ave., Granbury, Texas 76049.
7. **Form and Place of Production.** Production shall be made electronically to mack@wilsonfriery.com, or at any other place agreed to by the requestor, in native format where available, or in searchable PDF with accompanying load file. No personal appearance is required. Records shall be produced as they are kept in the ordinary course of business or organized and labeled to correspond to the categories below.
8. **Rolling Production.** You may produce responsive records on a rolling basis. Production of readily available records should not be delayed pending archival retrieval. If any category requires an archival search, please produce the balance of the responsive records on schedule and advise of the expected date for the remainder.
9. **Certification.** Please include with Your production a written declaration of the custodian of records satisfying Federal Rule of Evidence 902(11) and 803(6).
10. **Withheld Records.** If any responsive record is withheld, please identify the record, state the basis for withholding, and state whether a copy is retained.
11. **No Responsive Records.** If no responsive records exist as to any category, please so state in writing.
12. **Costs.** The requesting party will pay Your reasonable costs of retrieval and production. Please provide an estimate in advance if costs are expected to exceed $1,000.

## PART 1 — TRANSACTION AND TRACING RECORDS

*For each Account identified under Instruction 6, for the Relevant Period, produce:*

1. All monthly or periodic account statements, including every page, summary pages, deposit schedules, debit and withdrawal pages, and any enclosures or inserts.
2. All deposit slips and images of every item deposited, front and back, including checks, money orders, cashier's checks, official checks, and cash-in tickets.
3. All images of cleared checks, front and back, including all endorsements and endorsement stamps.
4. All withdrawal slips, counter withdrawal tickets, and debit memoranda.
5. All records of incoming and outgoing wire transfers, including:
    a. The Fedwire or CHIPS record for each transfer;
    b. The wire transfer request form, instruction, or authorization submitted to You, and the identity of the person who submitted it;
    c. Originator name, address, and account;
    d. Beneficiary name, address, account, and beneficiary institution;
    e. Any originator-to-beneficiary information, reference, or memo field;
    f. Any intermediary institution records;
    g. Any callback or verification record associated with the transfer.
6. All records of ACH credits and debits, including the originating or receiving company name, company identification, and entry description.
7. All records relating to cashier's checks, official checks, certified checks, teller's checks, and money orders **purchased from, issued by, deposited with, presented to, or negotiated through You**, including:
    a. The purchase application, request, or instruction, and the identity of the person who submitted it;
    b. Remitter and payee;
    c. The Account or source of funds debited for the purchase;
    d. The check or serial number of each item, and the serial range of any items issued in a single transaction;
    e. The item image, front and back, including all endorsements;
    f. Whether the item has been presented, negotiated, stopped, or remains outstanding, and the current status of each item as of the date of production;
    g. Any stop payment order, indemnity agreement, or declaration of loss.
8. All records of internal transfers between Accounts, and all records of transfers to or from any account at another institution.
9. All debit card and ATM transaction detail, including transaction date and time, location, terminal identification, merchant name, amount, and any associated fees.

10. All records of cash transactions of any amount, including cash-in and cash-out tickets, and all Currency Transaction Reports filed by You.
11. All records reflecting overdrafts, returned items, holds, garnishments, levies, or account restrictions.
12. **Without limiting the foregoing, all records of every transaction in any Account on November 1, 2024**, including the teller journal or daily work reflecting each such transaction, any officer or supervisor approval, any large-item or funds-availability exception, and any note, memorandum, or service record generated that day.

## PART 2 — ACCESS, CONTROL, AND KNOWLEDGE RECORDS

*For each Account identified under Instruction 6, for the Relevant Period, produce:*

1. All account opening documentation, including applications, signature cards, corporate resolutions, and account agreements.
2. Complete authorized signer and authorized user history for each Account, including every addition, removal, or change in authority, and the date of each.
3. All Customer Identification Program records, including copies of driver's licenses, passports, or other identification presented, and all beneficial ownership certifications, together with the identity of the person who executed each certification.
4. All online, mobile, and electronic banking records, including:
    a. Enrollment records identifying each user profile associated with the Account and the date of enrollment;
    b. The username or user identifier associated with each profile;
    c. Access and session logs identifying date, time, IP address, and device;
    d. Transaction logs identifying the user profile that initiated each transfer, payment, wire, or account change;
    e. Records of password resets, credential changes, and multi-factor authentication registrations, including the telephone number or email address registered;
    f. All secure messages sent or received through the online banking platform.
5. All records of telephone contact concerning the Account, including call logs, callback verification records, telephone banking access logs, and any note of the identity of the person You spoke with and the telephone number called.
6. All branch or in-person service records, including teller notes, service tickets, customer service logs, and records of any in-person instruction concerning the Account.
7. All correspondence between You and any account holder, signer, or authorized user, and all correspondence concerning the Account with any third party.
8. All records of debit card, ATM card, and credit card issuance, including the name embossed on each card, the date of issuance, activation records, and PIN establishment or change records.
9. All statement delivery records, including the mailing address and email address to which statements were sent, any change to delivery instructions and the date of the change, and all

electronic statement access logs identifying the user profile and the date of each statement viewed or downloaded.

10. All records reflecting any instruction, request, or authorization given to You concerning the Account, by whom given, and the manner in which it was given.
11. All records reflecting the closure of any Account, including who requested closure, the date of closure, and the disposition of any remaining funds.